# General Instructions (end of a criminal trial)

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

You, as jurors, are the judges of the facts. But in determining what actually happened - that is, reaching your decision as to the facts - it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of

1

the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and the parties have a right to expect nothing less.

The indictment or formal charge against the defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proven beyond ALL possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful consideration of all the evidence in this case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon without hesitation in your own affairs.

As I told you earlier, it is your duty to determine the facts. In doing so, you

2

must consider only the evidence presented during the trial, including sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding on you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of the exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence which has been stricken in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings at to the facts.

While you should consider only the evidence, you are permitted to draw such inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make the deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

I remind you that it is your job to decide whether the government has proven the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your

4

job will be to make judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

If the defendant is found guilty, it will be my duty to decide what the

5

punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

You will also note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be a secret.

------*INSERT GOVERNMENT AND DEFENSE JURY INSTRUCTIONS*------

It is your duty to consult with one another and to deliberate in an effort to reach an agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, for the mere purpose of returning a verdict.

Remember at all time, you are judges - judges of the facts. Your sole duty is

6

to decide whether the government has proven the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of the verdict has been prepared for your convenience.


*EXPLAIN VERDICT FORM*


The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should sign and date the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the Marshal. I will either reply in writing or bring you back in the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

7

1

Section 922(g)(1) of Title 18 of the United States Code makes it a crime for a convicted felon to possess a firearm, as follows:

> It shall be unlawful for any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to possess in or affecting commerce any firearm or ammunition.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant knowingly possessed a firearm, as charged.

*Second:* That before the defendant possessed the firearm the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense; and

*Third:* That the possession of the firearm was affecting commerce; that is, that before the defendant possessed it, the firearm or ammunition loaded into it had traveled at some time from one state to another or from one nation to another.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

<u>3</u>

Interstate commerce means traffic between states. Interstate commerce occurs when something of value crosses the state line. If you believe from the evidence that the firearm described in the Indictment was manufactured in a state other than Mississippi, then you may infer and find that in order for that firearm to be physically located in the State of Mississippi, it must have been shipped or transported in interstate commerce.

4

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

[You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would have otherwise been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.]

<u>5</u>

Possession, as that term is used in this case, may be of two kinds: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession, as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant has actual or constructive possession, either alone or jointly with others.

7

Intent may be proved by circumstantial evidence. Indeed, it can rarely be established by any other means. While witnesses may see and hear and be able to give direct evidence of what a defendant does or fails to do, of course there can be no eye witness account of the state of mind with which the acts were done or omitted. But what a defendant does, or fails to do, may indicate intent, or lack of intent, to commit the offense charged.

As a general rule, it is reasonable to infer that a person ordinarily intends the natural and probable consequences of his knowing acts. The jury may draw the inference that the accused intended all of the consequences which one standing in like circumstances and possessing his knowledge should reasonably have expected to result from any intentional act or conscious omission. Any such inference drawn is entitled to be considered by the jury in determining whether or not the government has proved beyond a reasonable doubt that the defendant possessed the required criminal intent.

8

It is not necessary to the prosecution to prove that the defendant knew that a particular act or failure to act was a violation of the law. Section 922(g)(1) of Title 18 of the United States Code, does not require that the defendant "knowingly" violate that law, it simply requires proof:

The defendant, having previously been convicted of a felony "knowingly" possessed the firearm charged in the Indictment, which firearm had previously been transported in interstate commerce. It is not necessary for the government to prove that the defendant knew that it was unlawful for him to possess firearms.

The defendant's ignorance of the law is not an excuse to this charge.

9

You have been told some witnesses who testified in this case were convicted of a felony offense. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

10

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

<u>11</u>

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding whether the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

or

. . . .

whether the defendant acted according to a plan or in preparation for commission of a crime;

or

whether the defendant committed the acts for which he is on trial by mistake or accident.

These are the limited purposes for which any evidence of other similar acts may be considered.

<u>12</u>

Intentional flight of a person from law enforcement is not, of course, sufficient in itself to establish his guilt but is a fact which, if proved, may be considered by you in light of all the other evidence in the case, in determining guilt or innocence. In determining whether any evidence concerning flight tends to show the defendant's guilt, that evidence must support four inferences:

1.      The defendant's conduct constituted flight;

2.      The defendant's flight was the result of consciousness of guilt;

3.      The defendant's guilt related to the crime with which he was charged; and

4.      The defendant felt guilty about the crime because he, in fact, committed the crime.

Whether the defendant's conduct in this case constituted flight is exclusively for you to determine. And if you do so determine, whether or not that flight showed a consciousness of guilt on his part, and the significance to be attached to that evidence, are also matters exclusively within your province.

In consideration of any evidence of flight, if you should find that there was any flight, you should also consider that there may be reasons for this which are fully consistent with innocence, and which in no way show any consciousness of guilt on the part of that person. Also, a feeling of guilt does not necessarily reflect actual guilt of a crime you may be considering. You should always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

G. __6__

During the trial you heard the testimony of a Special Agent of the Bureau of Alcohol, Tobacco and Firearms who has expressed opinions concerning interstate nexus of firearms. You also heard testimony from a Forensic Scientist with the Mississippi Crime Laboratory concerning his examination of the gun seized in the case for fingerprints and his findings with regard to fingerprints. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you might accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions, 2001 Edition, § 1.17.