# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**REGINALD LEVAND JOHNSON**  MOVANT

v.  No. 4:06CR63-M

**UNITED STATES OF AMERICA**  RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* motion of Reginald Levand Johnson, who seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Johnson was convicted under Count One of the superseding indictment for possessing a firearm as a convicted felon. In the second part of a bifurcated trial, the jury also found him to be an armed career criminal under 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct Reginald Levand Johnson's conviction and sentence will be denied.

## Facts and Procedural History

Reginald Levand Johnson ("Johnson") was indicted by a grand jury on March 30, 2006 in a one-count indictment charging him with being an armed career criminal in violation of Title 18 U.S.C. § 924(e)(1). Specifically, Count One alleged that Johnson possessed a firearm on December 19, 2003 after having been previously convicted of three or more felonies that were either crimes of violence or drug trafficking offenses. A superseding indictment, which changed the description of the firearm possessed, but not the substantive charge, was returned on May 24, 2006. Appointed counsel filed a motion requesting a bifurcated trial, which was granted without objection from the government. In the initial phase of trial, the jury was required to determine

whether Johnson was a convicted felon who knowingly possessed a firearm. After the jury returned a verdict of guilty, a second trial was held to determine if Johnson was guilty of being an armed career criminal under 18 U.S.C. § 924(e)(1) (2006). The jury found that Johnson qualified as an armed career criminal based upon the nature and number of his prior convictions.

The Probation Service conducted a presentence investigation and issued a presentence report (PSR) revealing that Johnson had a total adjusted offense level of 33. A review of Johnson's criminal history revealed nine criminal history points, placing him in a criminal history category of IV. The guidelines provided for a sentencing range of 188-235 months, with a minimum required sentence of 180 months, and a statutory maximum sentence of life imprisonment. (See PSR ¶ 95). Following preparation of the PSR, Johnson and his counsel appeared before the court for sentencing on September 21, 2006. At that time, Johnson was sentenced to 235 months imprisonment.

Johnson, represented by different counsel, filed a direct appeal raising four claims: (1) prosecutors made improper comments during closing; (2) the evidence was insufficient to support the verdict; (3) the district court erred in allowing evidence of his past criminal conduct, and; (4) the court improperly instructed the jury on deliberate indifference and flight. The Fifth Circuit Court of Appeals affirmed Johnson's sentence and conviction on September 14, 2007. Johnson did not petition the Supreme Court for a writ of certiorari. On August 21, 2008, Johnson filed this motion to vacate his sentence under 28 U.S.C. § 2255.

**Ineffective Assistance of Counsel Claims**

In his § 2255 motion, Johnson alleges that both his trial and appellate counsel were ineffective. In all, Johnson alleges fourteen grounds of ineffective assistance of counsel against his trial and appellate counsel. In order to demonstrate ineffective assistance of counsel, Johnson

must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668, 687 (U.S. 1984). Johnson must prove not only that counsel was objectively deficient and not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, but also that this deficient performance prejudiced the defense. *Id*.

In order to show that counsel's performance was deficient, Johnson "must identify the acts and omissions of counsel that are alleged not to have been the result of reasonable judgement." *Id.* at 690. For the second prong, in order to show that his defense was prejudiced, Johnson "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Id.* at 694. Furthermore, "a court need not address both prongs [of an ineffective assistance of counsel claim,] ... but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir.1995). As every claim Johnson has made relates to ineffective assistance of counsel, each allegation will be analyzed under *Strickland*.

### 1. Armed Career Criminal Status

Johnson argues his counsel was ineffective because he did not object to Johnson's status as an armed career criminal under the Armed Criminal Career Act ("ACCA"). Johnson alleges this satisfies the prejudice prong of the *Strickland* test. *Id*. at 687. Johnson makes four arguments against his status as an armed career criminal:

1(a). First, that his prior felonies are not "violent" as required by 18 U.S.C. §924(e)(1).

1(b). Second, that he lacks the requisite convictions to qualify as an armed career criminal.

1(c). Third, that the court improperly relied solely on the PSR to determine his status.

1(d). Fourth, that the § 922(g) conviction is not a predicate offense under ACCA.

These contentions will be viewed in turn.

### 1(a). Johnson's Felonies Were Violent in Nature.

Johnson first argues that he never stipulated that his prior convictions qualified as "violent felonies or serious drug offenses" under 18 U.S.C. §924(e)(1). Johnson misunderstands the legal definition of a "violent felony." Under §§924(e)(2)(B)(I)-(ii), a violent felony includes a crime punishable by a term exceeding one year that has an element of use of physical force against the person of another or involves conduct that presents a serious potential risk to injury to another. *United States v. Stapleton*, 440 F.3d 700, 702 (5th Cir. La. 2006). Among the types of activities explicitly included are burglary, extortion and arson. *Id*. Four of Johnson's previous felonies involve robbery where Johnson illegally took property by force or intimidation; these activities fall within the scope of a "violent felony." §924(e)(2)(B)(I). The fifth felony was a burglary of a dwelling house, a violent felony explicitly mentioned in the statute. §924(e)(2)(B)(ii). Therefore, all of Johnson's previous felonies are classified as violent, and his claim concerning this issue is meritless.

### 1(b). Johnson Has Accumulated the Requisite Number of Convictions to Satisfy the Armed Career Criminal Statute

Johnson next argues that because he was sentenced only twice, once in 1992 for four felonies and once in 1997 for a single felony, he lacks the requisite convictions to be classified as an armed career criminal–because these two judicial proceedings only count as two convictions. Johnson argues that sentencing dates are the same as convictions under the ACCA. This reasoning confuses judicial proceedings and convictions for separate offenses. In the Fifth Circuit, multiple convictions that are separate criminal transactions addressed in the same judicial proceeding constitute multiple convictions for purposes of §924(e)(1). *United States v.*

*White*, 465 F.3d 250, 253 (5th Cir. La. 2006). For purposes of §924(e)(1), crimes that are "distinct in time" are properly treated as separate criminal transactions. *Id*. *See also United States v. Barr*, 130 F.3d 711, 712 (5th Cir. 1997)(two drug sales to same buyer separated by a day counted as two criminal transactions). Of the four felonies in 1992 that Johnson is contending constitute one conviction, three occurred on different dates in different places. These were actions "distinct in time" where Johnson chose to act in a felonious manner and cannot be, through law or logic, strung together to comprise a single act. These separate felonies suffice for application of the ACCA. In sum, the court finds that Johnson's claim that he had not accumulated the requisite convictions to qualify as an armed career criminal to be without merit.

### 1(c). The Court Properly Relied Upon the PSR

Johnson argues that the court improperly relied upon the presentence report to determine the nature of the offense he committed in 1997. He alleges that the court's use of the PSR for this purpose is contrary to *Shephard v. United States,* which limited the scope of what a later court may examine in determining whether an admitted burglary is "generic." 544 U.S. 13, 16 (U.S. 2005). The court in *Shephard* treats only a "generic burglary" as a violent felony and defines it as an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id*. at 16-17. Therefore, only a "generic burglary" can be used as a predicate for the finding of armed career criminal status. The court in *Shephard* held that "a later court determining the character of an admitted burglary is generally limited to examining the *statutory definition*, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id*. at 16.

Johnson argues that the court did not consider relevant information in determining that his 1997 charge for burglary was a "generic burglary," and thus serves as a proper predicate in

supporting his classification under the ACCA. This argument fails for want of substantive merit. Under *Shephard* the burglary in question qualifies as "generic" for several reasons, including the statutory elements of the burglary. *Id.* During the trial at issue here, Government Exhibit 7B, Johnson's Mississippi Department of Corrections institutional file was entered into the record of these federal proceedings. (Ex. 7B). This file, which was certified by the circuit clerk, presents a wealth of information about Johnson's previous crimes. In the file are the details of Johnson's 1997 conviction for burglary of a dwelling house as defined as:

> Every person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein, shall be punished by commitment to the custody of the Department of Corrections for not less than three (3) years nor more than twenty-five (25) years.

Miss. Code Ann. § 97-17-23 (2008). The statutory elements under which Johnson was convicted outline what the court in *Shephard* referred to as a "generic burglary" and thus serves as a proper predicate for the application of the ACCA. 544 U.S. at 16-17. In short, the facts of record contradict Johnson's assertions. Other authority cited by Johnson on this issue, *United States v. Streeter*, is irrelevant, non-binding, and in any case, has been overruled. 907 F.2d 781 (8th Cir. S.D. 1990). The court therefore holds Johnson's claim of improper reliance on the PSR to be without merit.

**1(d). The 2006 § 922(g) Conviction Was Not Used as a Predicate Offense Under ACCA**

Johnson's last argument concerning his ACCA classification is that the 2006 conviction under § 922(g) – felon in possession of a firearm – is not a prior predicate offense which can be used to enhance his sentence under §924(e)(1). Because this conviction was not used – nor was necessary to find Johnson guilty under the ACCA for sentence enhancement – this argument is

meritless and moot. Johnson had the predicate felonies for imposition of the ACCA, and was found by jury trial to be an armed career criminal. Hence, the court holds this argument by Johnson concerning his §922(g) conviction to be without merit. Johnson has not fulfilled his burden of establishing the elements of *Strickland* concerning ineffective assistance of counsel as to his status as an armed career criminal. Johnson's claims in Ground One shall therefore be dismissed.

## 2**. Failure to Object to "Constitutionally Infirm" Offenses**

Johnson argues that his sentence was increased improperly based on his past convictions which were "constitutionally infirm" and that defense counsel was ineffective for failing to object to the court's consideration of the same. Johnson argues that the PSR failed to establish that he was represented by counsel – or waived counsel for many of the misdemeanor crimes listed in the PSR.

First, Johnson's criminal history points were only assessed for the felony convictions set forth in the PSR, so whether he was represented by counsel in the misdemeanor convictions is irrelevant to this proceeding. Second, for each of the convictions set forth in the indictment and listed in the PSR, the presentence report established that Johnson was represented by an attorney. Generally the PSR bears sufficient indicia of reliability to permit the court to rely on it. *United States v. Gracia*, 983 F.2d 625, 629 (5th Cir.1993). The defendant bears the burden of demonstrating that the PSR is inaccurate. *Id*. at 630. During sentencing, Johnson reviewed his PSR. (*Sentencing Hearing Transcript, (hereinafter S.T.), September 21, 2006, page 6*). He had also reviewed it previously with his lawyer, and that meeting was memorialized in a letter. S.T. at page 4. Johnson objected to many issues during sentencing; however he never disputed the accuracy of his previous convictions listed in the PSR. S.T. at pages 6-10. Furthermore, the

court outlined Johnson's convictions with specificity. S.T. at pages 11-12. By virtue of these convictions– and after jury deliberation – Johnson was sentenced under the Armed Career Criminal Guideline set forth in § 4B1.4 of the United States Sentencing Guidelines. As such, counsel had no basis for objecting to Johnson's designation as an armed career criminal. The court holds that Johnson has not met his burden of establishing the elements of *Strickland* concerning ineffective assistance of counsel as to this issue. *Id*. at 687. Thus, Johnson's claim of ineffective assistance regarding his PSR and past convictions is without merit and shall be dismissed.

### 3. The Effect of *United States v. Booker* and 18 U.S.C. §3553

Johnson argues that his counsel was ineffective for: (1) failing to object under *U.S. v. Booker* to the imposition of the 235 month sentence and, (2) failing to object to the court's method of sentencing under 18 U.S.C. §3553.

In *United States v. Booker*, the court found that any fact, other than a prior conviction, necessary to support a sentence exceeding the maximum authorized, had to be admitted by a defendant or proved to a jury beyond a reasonable doubt. 543 U.S. 220, 233 (2005). Johnson's *Booker* argument fails on two fronts. First, he was not sentenced beyond the guideline range; he received a sentence of 235 months with a range of 188 to 235 months and a maximum of life imprisonment. The court imposed a sentence within the advisory guidelines and clearly outlined its reasons for doing so. Secondly, Johnson's sentence enhancement was submitted to a jury which found beyond a reasonable doubt that he was guilty under the Armed Career Criminal Act. Johnson's argument that his counsel was ineffective for failing to object under *Booker* therefore fails.

Johnson also argues that the court did not address every factor set forth in 18 U.S.C. § 3553(a) when imposing his 235 month sentence, thus rendering the sentence invalid. A review of the record shows that the court considered the PSR, which addressed each factor set forth in 18 U.S. C. § 3553(a). Furthermore, the court discussed the case of *Booker v. Washington* during sentencing. S.T. at pages 10-12.

The court considered each of the § 3553 factors, which include: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment and adequate deterrence to protect the public from further crimes of the defendant; and to provide defendant with needed educational or vocational, medical care and other correctional treatment in the most effective manner. *Id*. at 687. Johnson has thus failed to demonstrate that his counsel was ineffective under *Strickland* regarding objections under *Booker* or 18 U.S. C. § 3553(a). This claim is thus without merit and shall be dismissed.

### 4. Johnson Reviewed the PSR Prior to Sentencing.

Johnson alleges in his § 2255 motion that he never saw, received, or reviewed his PSR prior to sentencing in violation of 18 U.S.C. §3552(d) and rule 32 of the Federal Rules of Criminal Procedure. The record shows otherwise. A review of the sentencing transcript reflects a discussion concerning defense counsel's review of the PSR in this case. At sentencing, defense counsel noted that Johnson had written to the court complaining that counsel had not raised objections to the PSR, and requested that the court allow Johnson the opportunity to raise any objections he felt appropriate. S.T. at pages 2-3. Johnson then stated that counsel had not reviewed the PSR with him and that he had never seen it. S.T. at page 3. Counsel responded, advising the court that he would be happy to go over the report with Johnson again, but that he

had, in fact, reviewed the presentence report with Johnson some two months earlier on July 24, 2006, and had written him a letter memorializing their discussions. S.T. at page 3-4. In response to Johnson's complaints, the court allowed a recess at the sentencing hearing for counsel to review the PSR once more with Johnson. When court reconvened, defense counsel entered into evidence the letter that documented their previous discussions about reviewing the PSR. (Ex. 1). Johnson has therefore failed to establish either prong of the *Strickland* test concerning the PSR. 466 U.S. at 687. The court holds that Johnson's claims as to this issue are without merit and shall be dismissed.

### 5. Failure to Call Alibi Witnesses

Johnson next argues that defense counsel was ineffective for failing to call certain alibi witnesses: Stan Perkins, Johnson's counsel at the state level; Joyce Childs, the District Attorney of Greenville, Mississippi; and a retired sheriff engaged in the business of administering polygraph examinations. Johnson argues that these witnesses could have testified that he passed a polygraph examination and that a state charge of burglary stemming from this incident was, as a result, dismissed for lack of evidence. Johnson argues that, but for his counsel's ineffective assistance in failing to call these witnesses, he would have been vindicated.

Johnson unfairly maligns his counsel – who was barred from calling these witnesses after a ruling on a motion *in limine* filed by the counsel for the United States. The ruling precluded any mention of the polygraph examination taken by the defendant in relation to state court charges stemming from this incident. On the morning of trial, the court addressed this issue and explained that such results were both irrelevant and inadmissible. Defense counsel was instructed that he could not even mention the polygraph examination. Based on this ruling, defense counsel had no reason to subpoena the witnesses named by the defendant – and cannot

be adjudged deficient in his representation of Johnson for following a court ruling on this issue. 466 U.S. at 687. Therefore, Johnson's ineffective assistance claim with regard to the three witnesses at issue is without merit and shall be dismissed.

### 6. The Government Provided Discovery to Defense Counsel

Johnson alleges that he was deprived of a fair trial because his counsel failed to obtain discovery materials. The record once again contradicts this assertion. Johnson's counsel wrote a letter to the Assistant United States Attorney on April 11, 2006 acknowledging that defense counsel received full discovery. (Doc. Entry 10). Johnson provides several points of law concerning the this alleged failure on the part of his counsel to acquire and utilize discovery.

He argues that the prosecution's actions run afoul of *Brady v. Maryland* concerning the suppression of exculpatory evidence by the state. 373 U.S. 83 (1963). However, Johnson provides no evidence that would vindicate him. He also cites *United States v. Bagley*, which has no application to any issues in this case. 473 U.S. 667 (1985)(holding that the government's failure to disclose the requested impeachment evidence impaired effective cross-examination of the government's principal witness, who had been compensated). Johnson then argues that his due process rights were violated when he was deprived of Jencks material under 18 U.S.C. 3500(b). Again, the record contradicts Johnson's allegations. The government provided all appropriate discovery material to Johnson's attorney in this case, which counsel acknowledged. Johnson's claims concerning discovery or lack thereof thus fail to rise to a level necessary to find his defense counsel ineffective pursuant to *Strickland* and its two prong test. 466 U.S. at 687. Johnson's claim lacks merit and is dismissed.

### 7. The Charges Should Not Have Been Dismissed for Delay of Indictment

Johnson claims that defense counsel was ineffective and vindictive for failing to object and file a motion for dismissal for unnecessary delay in presenting charges to the grand jury. In support of this argument, Johnson cites *United States v. Marion*, 404 U.S. 307 (1971). However, the rule in that case is contrary to Johnson's position. In *Marion*, two defendants moved to dismiss an indictment against them for failure to timely charge them with criminal offenses within such a time to afford them their rights under the Fifth and Sixth Amendments to the Constitution. *Id.* at 308- 09. The defendants argued that the indictment, which was returned in 1970, occurred an "unreasonably oppressive and unjustifiable time after the alleged offenses," which were allegedly committed between 1965-1967. *Id.* at 310. A district court judge agreed and dismissed the indictment. *Id.* The United States Supreme Court reversed the judgment of the District Court on the merits, holding that the Sixth Amendment right to a speedy trial was not implicated by pre-indictment delay. *Id.* at 313-14. The Court also held that the law provides other mechanisms to guard against actual prejudice resulting from the passage of time or otherwise stale criminal charges, primarily the statute of limitations. *Id.* at 322.

Johnson's arguments concerning delay in indictment are meritless. Title 18, United States Code, Section 3282 states:

> "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

18 U.S.C. §3282. This statute thus provides a five-year limitations period for unindicted, noncapital offenses. *Id*. In the instant case, the charged offense occurred in December 2003, and the Grand Jury returned an indictment on March 30, 2006, well within the five-year period.

Based on the facts of this case and controlling statutory law, there was no basis for counsel seek dismissal the indictment for unnecessary delay in prosecution. Johnson's claim fails as a matter of law, and defense counsel made the rational decision not to pursue this meritless claim. Therefore, the court holds that Johnson's claim that counsel was ineffective regarding the government's delay in securing an indictment is without merit and shall be dismissed.

### 8. Counsel Did Not Labor Under a Conflict of Interest

Johnson asserts in his motion that he was denied effective assistance of counsel when his counsel labored under a "conflict of interest" and the court failed to take notice. Johnson argues that he called to the court's attention a "conflict of interest" between himself and defense counsel and the court failed to conduct a timely hearing into his objection as to counsel's representation as required.

In support of this argument, Johnson cites the Supreme Court case of *Holloway v. Arkansas*, 435 U.S. 475 (1978)(holding that a single attorney representing multiple defendants with conflicting interests in a single action was a violation of the sixth amendment). The facts in Holloway are neither on point nor relevant to Johnson's situation. Johnson's defense attorney did not represent multiple parties with adverse interests; instead, Johnson was a single defendant represented by counsel.

Johnson is apparently confusing a conflict of interest with a defendant's disagreement with counsel's strategy. Another case cited by Johnson, *United States v. Garcia*, is likewise irrelevant to this proceeding. 517 F.2d 272 (5th Cir. 1975)(holding that defendants may waive conflict free assistance though the court has determined a conflict and seeks to remove attorney from case).

In this case, the "conflict" arose at trial when Johnson and his attorney disagreed about what witnesses should be called and whether Johnson should testify. Counsel made a record of the disagreement, and contrary to Johnson's assertion, the court inquired about the matter. The trial transcript does not reveal a conflict of interest resulting in ineffective representation. Rather, it reflects that counsel outlined the disagreement, agreed to abide by Johnson's decision on the issue, and fully explained the potential consequences of that decision. The transcript also shows that the court inquired of the defendant regarding how he wished to proceed – and whether he understood the possible consequences of his decision. Johnson cannot now argue ineffective assistance of counsel because he chose to proceed in a path divergent from the one laid out by defense counsel. Johnson has not established either prong of the *Strickland* test concerning this issue. 466 U.S. at 689. As such, Johnson's claim that counsel operated under a conflict of interest is without merit and shall be dismissed.

### 9. Plea Offer

Johnson next argues that counsel was ineffective for failing to communicate the government's plea offer to him and for failing to communicate to the United States his offer to plead guilty to the lesser included offense. The only plea offer extended by the United States occurred when initial discovery was provided – and this court finds it was communicated in a timely manner for Johnson's consideration. Under this offer, Johnson would plead guilty to the charge with a stipulation that his sentence be set to the mandatory minimum of 15 years. In addition, contrary to Johnson's contentions, counsel requested that the United States offer an opportunity for his client to plead to the lesser offense of felon in possession of a firearm. The government simply declined to extend such an offer.

Further, the record contradicts Johnson's assertion that he was amenable to a plea offer. In Defense Exhibit 1, counsel makes clear he had obtained a plea offer favorable given the set of circumstances Johnson faced, but Johnson wanted to proceed to trial. (Ex. 1). There is no evidence to support Johnson's claim, and the court finds the facts contrary to Johnson's assertions. Johnson has failed to establish either prong of the *Strickland* test concerning communication of plea offers. 466 U.S. at 689. Therefore, the court holds that Johnson's ineffective assistance claim regarding plea arrangements is without merit and shall be dismissed.

### 10. Prosecutorial Misconduct

Johnson argues that counsel was ineffective for failing to object to prosecutorial misconduct during the closing. He alleges that: (1) the prosecutor improperly referred to a burglary with which Johnson was not charged, and (2) that he improperly accused a defense witness of being a liar.

These issues were reviewed on appeal. *United States v. Johnson*, 247 Fed. Appx. 547 (5th Cir. Miss. 2007). The Fifth Circuit held that the prosecutor's remarks were not objectionable. Specifically the Fifth Circuit found that: (1) evidence of the burglary was intrinsic to the charged offense and relevant to the defense presented at trial (to deny knowledge of or participation in the burglary), and; (2) the testimony of the defense witness was contradicted by many other witnesses, and it was proper for the prosecutor to stress that all accounts could not be true. This issue has been resolved by the Fifth Circuit and is thus procedurally barred from collateral attack by Johnson's §2255 motion. *United States v. Kalish,* 780 F.2d 506, 508 (5th Cir.), *cert. denied,* 476 U.S. 1118 (1986). In any event, the court finds no basis for Johnson to challenge these remarks through a claim of ineffective assistance of counsel. Therefore, Johnson's claim regarding prosecutorial misconduct fails to convince this court, and we find his defense counsel

was not ineffective pursuant to *Strickland* and its two prong test. 466 U.S. at 689. Johnson's claim shall be dismissed.

### 11. Stipulation of Interstate Commerce Element

Johnson argues that counsel was ineffective for stipulating to the element of the charge: that the firearm in question had traveled in interstate commerce. The court will not analyze counsel's actions in hindsight, but will judge counsel's decisions in a highly deferential manner. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994); *quoting Strickland*, 466 U.S. at 689. Furthermore "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" 466 U.S. at 689. The element that defense counsel stipulated to, in the presence of Johnson, was that the rifle in question, a Browning A-Bolt .300 Winchester Magnum, had crossed into Mississippi through interstate commerce. The record indicates the rifle was produced in Japan; prosecution had a witness prepared to testify to the Japanese origin of the rifle. The simple truth of the matter is that Browning Firearms are not produced in Mississippi and must therefore have passed through interstate commerce to reach this state. Defense counsel was simply limiting testimony adverse to his client's interests by stipulating to an element no amount of cross-examination could disprove. Johnson has proved neither that his defense counsel's performance was deficient nor that his defense was prejudiced as a result of any alleged deficiency. 466 U.S. at 687. Therefore Johnson's claim concerning improper stipulation of the element of interstate commerce is without merit and shall be dismissed.

### 12. Failure to Cross-Examine Witnesses Concerning a Green Blanket

Johnson argues that his counsel was ineffective for not cross-examining government witnesses concerning a green blanket that was allegedly concealing the firearms from Johnson's view. The record contradicts Johnson's assertions concerning even the existence of a green blanket. Witnesses for the United States testified they observed Johnson's vehicle, and the arrangement of items deposited within it shortly after it was towed to the Greenville Police Station. John Campbell, the owner of the stolen firearms, testified that he arrived at the Greenville Police Station and observed his guns clearly visible in Johnson's SUV laying underneath a number of other items that had been taken from his home. T.T. at 127-128. Emma Watts, Fingerprint Technician for the Greenville Police Department, testified the first thing she did to process the car was to take photographs of the vehicle and its contents. T.T., at page 149. The photos taken were entered into the record and are consistent with the government's position. One picture in particular shows the black synthetic buttstocks of two rifles buried under assorted electronic equipment, but still protruding clearly and in plain sight. (Ex. 1-Q). Campbell and Watts identified photographs showing the firearms in the back of Johnson's vehicle, and testified that those photographs fairly and accurately depicted the items as they observed them on the day of the burglary. T.T. at pages 129-30, 150-53.

Defense counsel cross-examined Watts, who conceded she was not present when the vehicle first arrived at the police department and could not say for sure if anyone took anything out of the Explorer before she processed it. T.T., at pages 193-94. In light of the overwhelming evidence against Johnson, this limited cross-examination of Watts was sound trial strategy. Any further cross-examination by defense counsel would have served only to highlight the glaring inconsistency between his green blanket theory and the overwhelming evidence to the contrary.

There was no reliable evidence to support Johnson's contention that a green blanket had covered the weapon, and defense counsel was not deficient in his manner of cross-examination. Johnson fails to establish either prong of the *Strickland* test; as such, his claim concerning cross-examination of witnesses shall be dismissed.

### 13. Jury Instructions

Johnson argues that his counsel was ineffective for failing to object to the court's instruction regarding a felon in possession of a firearm. The instruction in question defines actual and constructive possession. T.T. at pages 254-255. The instruction reads:

> Possession, as that term is used in this case, may be of two kinds: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.
>
> A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.
>
> Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.
>
> You may find that the element of possession, as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

S1-5thCirPJI Modern Federal Jury Instructions-Criminal 1.31. Johnson argues that defense counsel should have filed an objection to this instruction and offer another in its place. The jury instruction is not objectionable because it is a correct recitation of the law. Indeed, it is the pattern jury instruction for the Fifth Circuit concerning actual and constructive possession. *Id*. Defense counsel's decision not to object to a pattern instruction applicable to the facts of this case – and embraced by this circuit – is an example of effective representation. Thus Johnson

fails to establish either element of ineffective assistance of counsel. 466 U.S. at 687. His claim concerning erroneous jury instructions is therefore without merit and shall be dismissed.

### 14. Assistance of Appellate Counsel.

Johnson argues that his appellate counsel was ineffective for failure to raise on appeal the substantive issues he now brings under his habeas corpus petition to support his claims of ineffective assistance of counsel. However, as the claims in this petition have no merit, Johnson's allegations of ineffective assistance of appellate counsel are also without merit. "An attorney's failure to raise a meritless argument [] cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kilmer*, 167 F.3d 889, 893 (5th Cir. Tex. 1999). Accordingly, Johnson fails to establish either that his appellate counsel's performance was deficient or that his defense was prejudiced as a result of any alleged deficiency. 466 U.S. at 687. The claims concerning ineffective assistance of appellate counsel are therefore without merit and shall be dismissed.

### Evidentiary Hearing

Finally, Johnson seeks an evidentiary hearing to resolve "disputed facts." The court need not hold an evidentiary hearing regarding ineffective assistance of counsel where the movant has failed to allege facts which would require relief if proved. *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. Tex. 1994). The court's finding of facts are presumed correct, and Johnson must present "convincing evidence that the factual determination by the [] court was erroneous" to overcome that presumption. *Id.* Furthermore, "absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal

court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." 694 F.2d 1008, 1011 (5th Cir. Tex. 1983). Nothing in the record or in Johnson's allegations would require an evidentiary hearing. The great bulk of the evidence in this case is simply unfavorable to Johnson's position. As such, his request for an evidentiary hearing shall be denied.

In sum, for the reasons set forth above, the instant motion by Reginald Levand Johnson to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 shall be denied. A final judgment consistent with this memorandum opinion shall issue today.

SO ORDERED, this the 16th day of July, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**