# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**REGINALD LEVAND JOHNSON**                                                              **MOVANT**

**v.**                                                                                                        **No. 4:06CR063-MPM**

**UNITED STATES OF AMERICA**                                                         **RESPONDENT**

## ORDER

This matter comes before the court on the *pro se* motion of Reginald Levand Johnson to alter or amend this court's judgment, entered on July 16, 2009, denying Johnson's 28 U.S.C. 2255 motion to vacate, correct or set aside a previous sentence. The thrust of petitioner's argument is that the district court erred in not granting his request for an extension of time to reply to the government's response to his original § 2555 motion. For the reasons set for below, the motion shall be denied.

On August, 21, 2008, petitioner filed several documents with the court including the initial § 2255 motion and a supporting memorandum, and a motion for leave to file a reply motion. Following and extension of time granted by the court, the government filed a response to Johnson's original § 2555 motion on May 28, 2009. On June 10, 2009, Johnson filed a motion with the court requesting an extension of time in which to file a reply to the government's response. Without ruling on Johnson's motion for an extension of time, the court issued a memorandum opinion and final judgment denying the § 2255 motion on July 16, 2009. On July 24, 2009, Johnson filed the instant motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) as well as a reply to the government's response to the original § 2255 motion.

The overwhelming majority of the claims in petitioner's reply brief have been specifically addressed in this court's memorandum opinion accompanying the final judgment

denying the § 2255 motion. To the extent that the grounds are duplicative, the court will not here re-address such claims. Petitioner, however, presents three additional arguments not raised or addressed by either the government's response or this court in the memorandum opinion. For the following reasons, these arguments are also without merit.

*Ground One*

In claim five of the reply brief, petitioner alleges that trial counsel was ineffective for failing to call alibi witnesses, and for failing to investigate the case for adequate defense at trial. In the original petition, Johnson argued his counsel was ineffective for failing to call three witnesses who would have testified that Johnson would have passed a polygraph examination. In its memorandum opinion, this court noted that Johnson had unfairly maligned his counsel because counsel was barred from calling these witnesses after a ruling on a motion *in limine* filed by the government precluded any mention of the polygraph taken by Johnson in relation to state court charges. The new issue that Johnson raises in the reply is that only one of the three witnesses would have provided testimony about the polygraph while the remaining two would have provided direct evidence of Johnson's innocence.

To establish that counsel provided ineffective assistance, a movant must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Pitts v. Anderson*, 122 F.3d 275 (1997); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Post-conviction claims of uncalled witnesses are viewed with skepticism. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Claims of this nature require the court to engage in too much speculation as to the testimony of an uncalled witness. *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). The decision to present witnesses is essentially trial strategy and thus within counsel's domain. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983). To

prevail on such a claim, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). In order to establish prejudice, the petitioner must also show with reasonable probability that the uncalled witnesses would have made a difference to the result. *Id*. at 603. This demonstration is "required for uncalled lay and expert witnesses alike." *Day*, 566 F.3d at 538.

Johnson does not meet these standards as he fails to assert with any level of specificity the nature of such testimony, whether they would have been available, or how their testimony might have impacted the result. Such conclusory and highly speculative claims are not worthy of habeas relief. *See Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001). Accordingly, Johnson's claim is without merit.

*Ground Two*

In claim twelve of the reply brief, Johnson argues that the original indictment was insufficient because it failed to identify the firearm by its serial number. This court did not address this claim in the memorandum opinion, but the government, in its response to the original petition, correctly noted that there is no Fifth Circuit or Supreme Court precedent which requires an indictment to identify a firearm by serial number in order to satisfy the interstate nexus element. Furthermore, the case cited by Johnson in his § 2255 petition and referred to in his reply, *United States v. Rogers*, 41 F.3d 25 (1st Cir. 1994), is clearly not binding on this court. Accordingly, Johnson's claim is without merit.

*Ground Three*

In claim fourteen of the reply brief, Johnson references an issue raised in a supplemental motion to the original § 2255 petition filed on January 23, 2009. Johnson specifically argues that pursuant to Fed. R. Crim. P. 18, the trial court had no jurisdiction over the case or authority to enter judgment. Fed. R. Crim. P. 18 provides that

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Johnson argues that because the offenses were committed in Washington County, Mississippi, his trial should have been held in the Greenville Division under 28 U.S.C. § 104 rather than Oxford, Mississippi in the Western Division.

"Manifestly, Rule 18 confers no absolute right upon the defendant but is a statutory statement of the traditional concept of 'forum non conveniens' relating to the appropriate forum within the district . . . [T]he division has no constitutional significance; the vicinage is the district. Rule 18 does not encompass an absolute right on the part of the appellant to be tried in a division of his choice but is a discretionary power of the Court to be exercised upon a showing of good cause." *Houston v. United States*, 419 F.2d 30, 33 (5th Cir. 1969) (internal citations omitted).

In accordance with *Houston*, it was properly within the court's discretion to determine the appropriate venue for Johnson's trial. Therefore, the court had proper jurisdiction and the claim that his trial should have been held in Greenville, Mississippi rather than Oxford, Mississippi does not present a constitutional violation warranting relief under § 2555.

It is therefore, **ORDERED**

1. Reginald Levand Johnson's motion for reconsideration of the order to vacate the original 28 U.S.C. § 2255 motion is hereby **denied.**

2. The motion for an extension of time to file a reply is **denied** as moot.

This the 15th day of October, 2009.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**