# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**REGINALD LEVAND JOHNSON**                                                       **MOVANT**

v.                                                          **No. 4:06CR63-MPM-DAS**

**UNITED STATES OF AMERICA**                                                  **RESPONDENT**

### ORDER *DENYING* MOTION [138] BY REGINALD
### LEVAND JOHNSON FOR RELIEF FROM JUDGMENT
### OR ORDER UNDER Fed. R. Civ. P. 60(B)(3)

This matter comes before the court on the motion [13] by Reginal Levand Johnson for relief from judgment or order under Fed. R. Civ. P. 60(b)(3), which permits relief from judgment upon, "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Johnson was convicted after a jury trial as a career offender for possession of a firearm by a convicted felon and sentenced to 235 months imprisonment. He appealed his conviction, which the Fifth Circuit affirmed on September 14, 2007. He then sought *habeas corpus* relief through a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on August 21, 2008. The court denied all 17 grounds for relief on July 17, 2009. On June 6, 2010, the Fifth Circuit affirmed the court's judgment on 16 of the 17 grounds, but vacated and remanded for an evidentiary hearing as to Johnson's claim that his attorney failed to notify him of a plea deal offered by the government. After an evidentiary hearing, this court denied relief as to this sole remaining ground on September 3, 2010 – and also denied Johnson's application for a Certificate of Appealability. Johnson appealed that denial, and the Fifth Circuit also denied the application on November 22, 2011. The United States Supreme Court denied Johnson's petition for writ of certiorari on March 9, 2012. Johnson then filed several documents that the court interpreted as a second or successive § 2255 motion, and the court transferred

the case to the Fifth Circuit, which denied his request to proceed with a second § 2255 motion.

Having exhausted all other avenues of relief, Johnson now seeks to resurrect his case through a motion for relief from judgment or order under Fed. R. Civ. P. 60(b)(3) which, if proper, is not subject to the general prohibition against filing a second or successive petition for *habeas corpus* relief. *Gonzalez v. Crosby*, 454 U.S. 524, 535 (2005). Johnson does not challenge his underlying conviction, but the court's decision regarding his first request for relief under 28 U.S.C. § 2255. He posits that, during postconviction proceedings, the government erroneously stated that no more *Brady* material existed and that defense counsel had received all such material in discovery. Thus, Johnson argues that the alleged "misrepresentation created a defect in the integrity of the initial collateral proceeding, and thus the court should revisit the judgment." This claim is related to Ground 6 of Johnson's first motion for § 2255 relief, in which he also claimed that the government failed to turn over exculpatory evidence. The court dismissed that claim because Johnson did not specify what that evidence might have been.

Johnson now attaches two documents he believes are *Brady* material to the instant motion – a transcript of a December 19, 2003, police interrogation of Johnson regarding the burglary giving rise to the felon-in-possession charge – and an order of *nolle prosequi* as to an unnamed state charge. The instant motion will be denied as frivolous for two reasons: (1) it is untimely, and (2) the documents do not constitute *Brady* material.

### Timeliness of a Motion Under Fed. R. Civ. P. 60(b)(3)

Rule 60(b)(3) reads:

Relief from Judgment or Order

. . .

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reason[:] . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

opposing party . . . .

However, Rule 60(b)(3) has a limitations period, which can be found in Rule 60(c)(1): "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." The court entered judgment as to Johnson's first § 2255 motion on July 16, 2009; as such, the deadline for seeking relief under Fed. R. Civ. P. 60(b)(3) expire one year later, on July 16, 2010. He filed the instant motion under Rule 60(b)(3) on June 15, 2015, nearly 5 years after the limitations period expired. As such, the instant motion will be dismissed as untimely filed.

**The Present Motion is Frivolous**

In addition, the motion is wholly without merit, as the two documents attached to the instant motion do not constitute *Brady* material. The seminal case regarding the prosecution's obligation to turn over exculpatory material is *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady*, the Court held that, though there is no constitutional right to discovery in a criminal case:

> the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith of the prosecution.

*Brady*, 373 U.S. at 204. Courts have refined the rule over the ensuing decades. A true *Brady* violation consists of three components:

> The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.

*Strickler v. Greene*, 527 U.S. 263, 281-282 (1999). However, the duty of pretrial disclosure of exculpatory material does not extend to postconviction proceedings. *District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69 (2009). In addition, it is not a *Brady* violation if the government fails to turn over evidence during discovery that was reasonably available to the defendant

with the exercise of due diligence, *United States v. Infante*, 404 F.3d 376, 387 (5th Cir. 2005), particularly when the evidence is known to the defendant and which he could easily have obtained for himself. *United States v. Prior*, 546 F.2d 1254, 1259 (5th Cir. 1977).

In this case, the movant is improperly seeking to apply *Brady* to his first claim for post-conviction collateral relief under § 2255. Further, the evidence at issue (the defendant's own statement to the police and *nolle prosequi* order in his state case) was certainly known to him, and he could easily have obtained it on his own. For these reasons, Johnson's request [138] for relief under Fed. R. Civ. P. 60(b)(3) will be dismissed as frivolous.

**SO ORDERED**, this, the 1st day of March, 2016.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**