IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**REGINALD LEVAND JOHNSON**   **MOVANT**

**V.**   **NO. 4:06CR63-MPM-DAS**

**UNITED STATES OF AMERICA**   **RESPONDENT**

### ORDER TRANSFERRING CAUSE TO THE
### FIFTH CIRCUIT COURT OF APPEALS

This cause is before the Court on (1) Movant's pro se motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, and (2) his motion seeking an expedited ruling of the Rule 60 motion.

**Procedural History**

Following a jury trial, Movant was convicted as a career offender for possession of a firearm by a convicted felon and was sentenced to 235 months imprisonment. His conviction was affirmed on appeal, and he subsequently filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On July 16, 2009, this Court denied Movant's § 2255 motion of all 17 grounds for relief. *See* Docs. #87 & #88. On appeal, the Fifth Circuit affirmed the Court's judgment on 16 of the 17 grounds for relief but granted a certificate of appealability ("COA") on Movant's claim that counsel was ineffective for failing to communicate a plea offer made by the government. *See* Doc. #104. In September 2010, following an evidentiary hearing, this Court entered judgment denying Movant's § 2255 motion alleging counsel's ineffectiveness. Doc. #115. A COA from that decision was denied by this Court and the Fifth Circuit, and certiorari review was subsequently denied by the United States Supreme Court. *See, e.g.,* Docs. #123 & #125.

Thereafter, on or about April 16, 2012, Movant filed a Rule 60(b)(6) motion seeking reconsideration of the Court's order denying him § 2255 relief. *See* Docs #126 & #128. The Court found the motion to be a § 2255 motion in substance, and it was transferred to the Fifth Circuit for determination of whether authorization should be granted for Movant to proceed on a successive motion. Doc. #130. The Fifth Circuit denied Movant authorization to file a successive § 2255. Doc. #137. On June 15, 2015, Movant filed a Rule 60 motion to reopen judgment, which was denied by the Court on March 1, 2016. Docs. #138 & #142. Movant then filed the instant Rule 60 motion on or about March 21, 2016, and thereafter filed a motion seeking an expedited ruling on his Rule 60 motion. *See* Docs. #144 & #149.

## Discussion

Movant has presented the Court with a motion alleging the ineffective assistance of counsel under Federal Rule of Civil Procedure 60(b)(6), which provides that relief from judgment may be granted for any reason not addressed by the remainder of Rule 60(b) "that justifies relief." While Movant has classified the motion as one arising out of the Federal Rules, it is, in essence, a successive motion for relief under 28 U.S.C. § 2255 that requires appellate authorization before it may be considered by this Court. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); 28 U.S.C. § 2244(b)(3)(A) and (B). Absent such authorization, the Court is without jurisdiction to proceed. *See, e.g, United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

## Conclusion

Accordingly, for the reasons set forth herein, it is **ORDERED** that Movant's Rule 60(b)(6) motion [144] is hereby **TRANSFERRED** to the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3) and *In re Epps*, 127 F.3d 364 (5th Cir. 1997) for

consideration, as Movant has not obtained prior approval to file a successive § 2255 motion.[1]

His motion seeking expedited ruling of this matter [149] is **DISMISSED AS MOOT**.

**SO ORDERED, THIS** the 29th day of November, 2017.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE

---

[1] The pending motion alleging Movant's sentence should be vacated pursuant to the holding in *Johnson v. United States*, 135 S. Ct. 2251 (2015) [147] is not addressed by this Order.