IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**UNITED STATES OF AMERICA**

v.                                              CRIMINAL NO.:  4:06-cr-00063-MPM-DAS

**REGINAL LEVAND JOHNSON**

## ORDER

This matter comes before the Court for consideration on Petitioner Reginald LeVand Johnson's *Second or Successive Motion to Correct Sentence Under 28 U.S.C. 2255* [147]. The Government has filed a response to the motion. The court has considered the motion and response as well as the relevant case law and evidence, and is now prepared to rule.

## PROCEDURAL BACKGROUND

Johnson was found guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. 922(g)(1), on May 31, 2006. His sentence was enhanced under the Armed Career Criminals Act (ACCA) after this court found that he had at least three convictions of violent felonies, qualifying him for ACCA enhancement. The Fifth Circuit denied his appeal on September 14, 2007.

Relying on the Supreme Court's decision in *Johnson v. United* States, 135 S. Ct. 2551 (2015), Johnson (not to be confused with the Johnson in *Johnson*) sought to prove that he was unjustly sentenced under the ACCA, arguing that his prior convictions for robbery and armed robbery no longer qualify as violent felonies. Johnson filed his first § 2255 motion on August 21,

1

2008, which was subsequently denied. Johnson once again appealed to the Fifth Circuit, which subsequently denied Johnson's certificate of appealability. The Supreme Court denied Johnson's petition for writ of certiorari.

After the denial of writ, Johnson filed a motion to reopen judgment on his first § 2255 motion, under Rule 60(b), which this Court denied. Johnson then filed a motion seeking relief, again under Rule 60(b). The Federal Public Defenders office then filed this § 2255 motion with the Court and a notice that it had filed a motion seeking authorization to pursue a successive § 2255 motion in the Fifth Circuit Court of Appeals. Attached to the notice was the exact motion filed in this court, which had also been filed with the Fifth Circuit. Johnson then filed a pro se motion to expedite ruling on the Rule 60(b) motion. The Court denied Johnson's pro se motion to expedite and transferred his Rule 60(b) motion to the Fifth Circuit.

## STANDARDS AND APPLICABLE STATUTES

28 U.S.C.A. § 2255(h)(2) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2244(b)(3) provides:

> **(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

2

**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

## DISCUSSION

The Fifth Circuit reviewed an exact copy of Johnson's Motion § 2255 filed in the Northern District of Mississippi. Pursuant to 28 U.S.C.A. §§ 2255(h) and 2244(b)(3), the Fifth Circuit Court of Appeals has performed its prescribed duty as gatekeeper, and has prohibited Johnson from pursuing this successive motion.

In its consideration, the Fifth Circuit addressed Johnson's claim that robbery and armed robbery do not necessarily involve violence and thus do not qualify as a "violent felony." However, this theory fails the test of reason and stands in stark contrast to the previous judgment of the Supreme Court of Mississippi. In *Brown v. State*, the court observed that the state's robbery and armed robbery statutes "necessarily involve violence—or at least the threat of imminent violence to another—to accomplish the crime." 102 So. 3d 1087, 1091-92 (Miss. 2012). Robbery and armed robbery require "that the defendant take personal property by

violence or by putting [the victim] in fear of some immediate injury to his person." *Id.* This qualifies them as violent felonies.

The defendant urges the court to read the statute in an incomplete fashion. The defense argues that robbery can be committed "by putting [a victim] in fear," and thus violence is not the "least culpable act" that would satisfy the statutory elements of the crime. *See United States v. Elizondo-Hernandez*, 755 F.3d 779, 781 (5th Cir. 2014) (a "sexual abuse of a minor" case, cited in the defendant's motion, in which 5th Circuit Court held that defendant's prior Texas offense of "indecency with a minor by contact" was, in fact, sexual abuse of a minor for purposes of sentencing guideline's crime of violence (COV) enhancement). Thus, robbery and armed robbery do not require an element of violence, and thus they should not be regarded as "violent felonies" in regards to qualifying Johnson's sentence for ACCA enhancement. Reading the statute in this truncated manner, one could argue, as the defendant does, that robbery and armed robbery are not violent crimes.

This, however, is an incomplete reading and when the statute is read in its entirety, one understands that robbery cannot be committed by solely "putting [someone] in fear," but by placing a person "in fear of some immediate injury to his person." Thus, these crimes "necessarily involve the use of physical force," *Brown*, 102 So. 3d 1087 at 1091-92, an act commonly known as "violence." As robbery and armed robbery have "as an element the use, attempted use, or threatened use of physical force against the person or another," *U.S. v Brown*, 437 F.3d 450, 452-53 & n.2 (5th Cir. 2006), this court holds that robbery and armed robbery are in fact violent felonies, which qualify their perpetrators for ACCA enhancement even after *Johnson. Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

This court finds the Fifth Circuit's analysis convincing and does not see fit to dispute its order. Therefore, the petitioner's motion before the court [147] is denied.

SO ORDERED, this the 30th day of January, 2018.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**